## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| *MARIA COLLINS*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-cv- |
| *v.* | ) | |
| | ) | |
| *ATLANTIC RECOVERY SOLUTIONS, LLC,* | ) | |
| *ZACHARIAH AGA,* | ) | |
| *AND BRIGHTWATER CAPITAL, LLC.*, | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Maria Collins brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.  *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has suffered harm to her reputation and been made to feel afraid through the use of false threats and intimidation, thus giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) ("Congress has the power to define injuries and articulate chains of causation that

will give rise to a case or controversy where none existed before."); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6.     Plaintiff Maria Collins ("Plaintiff") is a resident of the State of Illinois, from whom Defendants attempted to collect a debt owed for a Kay Jewelers store credit card ("Account").

7.     Defendant Atlantic Recovery Solutions, LLC ("ARS"), is a New York limited liability company that does or transacts business in Illinois.  Its registered agent is Registered Agents, Inc., located at 2501 Chatham Road, Suite R, Springfield, Illinois 62704.

8.     ARS is licensed as a collection agency in the State of Illinois.

9.     ARS is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

10.     Zachariah Aga is the President of, and manages, ARS.

11.     Brightwater regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a debt collector as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

12.     Defendant Brightwater Capital, LLC. ("Brightwater") is a Florida limited liability capital that does or transact business in Illinois.  Its registered agent is InCorp Services, Inc., located at 901 South 2nd Street, #201, Springfield, Illinois 62704.

13.     Brightwater's primary business is the purchase, collection and management of portfolios of nonperforming debts that have been charged-off by the credit grantor.

14.     Thus, Brightwater is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

15.    Plaintiff incurred a debt for a line of credit at Kay Jewelers ("Account").

16.    Plaintiff used the card for personal purposes.

17.    Thus, the debt was a consumer debt, as that term is defined at § 1692a(5) of the FDCPA.

18.    Plaintiff did not pay the debt and it subsequently went into default.

19.    Defendant Brightwater purchased the account that originated with Kay Jewelers.

20.    Brightwater placed the account with ARS, who subsequently began collection activities on the Account.

21.    Thereafter, on July 26, 2021, Plaintiff received a voicemail from Defendant ARS.

22.    A voicemail left in connection with the attempt to collect a debt is a communication for purposes of the FDCPA. *Gburek v. Litton Loan Servicing L.P.*, 614 F.3d 380, 385 (7th Cir. 2010).

23.    In the voicemail, Defendant's representative stated they were calling regarding a "legal required notice."

24.    There was no "legal required notice" that Defendant was calling Plaintiff about.

25.    ARS referenced a legal required notice to make Plaintiff believe there was a legal matter that required her attention, when in fact there was no such matter.

26.    ARS' statement was a false statement.

27.    In fact, Defendants do not sue consumers in Illinois.

28.    ARS made the false statement to pressure Plaintiff into returning their call.

29.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

30.    ARS used deceptive means to collect on a debt, in violation of §1692e(10) of the FDCPA, when referencing a legal notice in voicemails left for Plaintiff when there was, in fact, no such legal matter.

31.    Plaintiff continued to receive numerous voicemails from Defendant.

32.    Plaintiff received voicemails from ARS on August 2nd, August 3rd, August 4th, August 12th, and August 13th.

33.    Despite leaving voicemails requesting that Plaintiff return their call, Defendant at no time stated the message was from a debt collector.

34.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

> **(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

35.     ARS failed to disclose in its initial and subsequent communications that is was a debt collector attempting to collect a debt, in violation of §1692e(11) of the FDCPA.

36.     On July 27, 2021, Defendant sent a text message to Plaintiff. (Exhibit A, Text Message).

37.     The message stated in part:

Maria Collins this text is from ARS.  We need to speak to you or attorney regarding your case. (Ex. A, Text Message).

38.     Again, Defendants falsely referenced a legal matter, this time asking to speak to Plaintiff's attorney and referencing a "case."

39.     An unsophisticated consumer would interpret the language in the text message as a threat of legal action.

40.     Defendants threatened Plaintiff with legal action to collect the Account.

41.     Despite there being no case or legal action of any kind, Defendants sought to communicate to the consumer that "the price of poker has just gone up;" in other words, the text message was designed "to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (analyzing a letter sent to a consumer on attorney letterhead by a non-attorney).

42.     However, Defendants did not indent to take legal action against Plaintiff.

43.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

>    **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken**

44.     Defendants threatened to take action against Plaintiff that it did not intend to take,

in violation of 15 U.S.C. §1692e(5), when it threatened the possibility of a lawsuit against

Plaintiff to collect a debt where no lawsuit was intended.

45. The text message from ARS failed to state it was being sent by a debt collector.

46. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

> **(11)   The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

47. ARS failed to disclose in its subsequent communications that is was a debt collector attempting to collect a debt, in violation of §1692e(11) of the FDCPA.

48. On July 27, 2021, Plaintiff spoke with an ARS representative on the phone who gave her name as Tiffany Jones ("Ms. Jones" or "Jones").

49. Ms. Jones conveyed information regarding the alleged debt, including an amount due.

50. The call was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

51. Plaintiff told Jones that she had an attorney handling the account.

52. Jones asked Plaintiff why she had an attorney and whether she wished to settle the

account or not.

53.     Plaintiff explained that she did not want to discuss the account because she had an

attorney.

54.     Jones asked Plaintiff how much her income was, and, when Plaintiff refused to discuss the

account, told her that she would be informing Defendant Brightwater that Plaintiff

"refused to pay the debt."

55.     Jones then hung up on Plaintiff rather than take her attorney's contact information.

56.     Despite being informed that Plaintiff was represented by counsel, Jones attempted to collect the

debt from Plaintiff.

57.     On August 13, 2021, Plaintiff's counsel directly contacted Defendant Zachariah Aga, and

Plaintiff's counsel directly advised Defendant Aga that Plaintiff had counsel and that Plaintiff requested

Aga's company to cease further communications with Plaintiff.

58.     Despite Plaintiff's counsel direct statements to Defendant Zachariah Aga, Defendant Aga

allowed his company to continue to communicate with Plaintiff.  Defendant Aga personally oversaw

and directed the conduct of which Plaintiff complains herein.

59.     On August 17, 2021, at 5:18pm CST, Plaintiff's counsel placed a telephone call to Defendant

ARS, and Plaintiff's counsel spoke with an ARS representative who identified himself as "Terrance."

60.      Plaintiff's counsel advised ARS representative "Terrance" that the FDCPA prohibited debt

collectors to communicate with a consumer who has counsel, that Plaintiff had counsel, and that ARS

was required to cease communicating with Plaintiff.

61.     ARS representative "Terrance" responded by stating to Plaintiff's counsel that ARS would

continue to communicate with Plaintiff.

62.      Plaintiff's counsel replied by asking ARS representative "Terrance" to connect Plaintiff's

counsel with ARS President Defendant Zachariah Aga, but "Terrance" refused and indicated that

Defendant Aga had approved of ARS continuing to communicate with Plaintiff.

63.     Even after Plaintiff's counsel August 17, 2021 teleconference with Defendant ARS, ARS continued to communicate directly with Plaintifff.

64.     15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

**(a) Communication with the consumer generally**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –**

**...**

> **(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer...**

(emphasis added)

65.     Defendants communicated with a consumer directly, in violation of 15 U.S.C. § 1692c(a)(2), while knowing the consumer was represented by an attorney.

66.     15 U.S.C. § 1692d of the FDCPA provides as follows:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

67.     Defendants engaged harassing and oppressive conduct, in violation of 15 U.S.C. § 1692d, by questioning and harassing Plaintiff about obtaining legal representation.

68.     ARS continued to repeatedly contact Plaintiff by sending text messages and leaving voicemails

multiple times per day.

69.     15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **(b)     Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –**
>
> **...**
>
> > **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer...**
>
> (emphasis added)

70.     Defendants communicated with a consumer directly while knowing the consumer was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2), when it continued to send text messages and voicemails to Plaintiff.

71.     Despite all of the communications with Plaintiff, Defendants did not provide any notice of Plaintiff's rights to dispute the debt or her other rights provided by the Fair Debt Collection Practices Act.

72.     Defendants did not mail Plaintiff a notice of these rights and has not done so to date.

73.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

(a)     **Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

(1)     **the amount of the debt;**

(2)     **the name of the creditor to whom the debt is owed;**

(3)     **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

(4)     **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

(5)     **a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor . . .**

74.     Defendants failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when they failed to advise Plaintiff of her right to dispute the debt, to request verification, and to request the name of the original creditor.

75.     Defendants' repeated communications robbed Plaintiff of the benefit of having an attorney and made her afraid that the protections promised by her attorney did not apply.

76.     Plaintiff was gravely distressed at the repeated contact by Defendants.

77.     Plaintiff had suffered a stroke the prior year and was under the care of a neurologist.

78.     She suffered from periodic headaches after the stroke that had resolved in recent months.

79.     However, the repeated contact by Defendants and the aggressive manner in which they handled her caused her headaches to return.

80.     The stress also caused Plaintiff difficulty breathing each time Defendants communicated with her.

81.     Plaintiff repeatedly questioned why Defendants were contacting her when she had an attorney and felt feelings of hopelessness.

82.     Brightwater bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including ARS.  *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

83.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—VIOLATIONS OF FDCPA

84.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

85.     ARS used deceptive means to collect on a debt, in violation of §1692e(10) of the FDCPA, when referencing a legal notice in voicemails left for Plaintiff when there was, in fact, no such legal matter.

86.     ARS failed to disclose in its initial and subsequent communications that is was a debt collector attempting to collect a debt, in violation of §1692e(11) of the FDCPA.

87.     Defendants threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §1692e(5), when it threatened the possibility of a lawsuit against Plaintiff to collect a debt where no lawsuit was intended.

88.     ARS failed to disclose in its subsequent communications that is was a debt collector attempting

to collect a debt, in violation of §1692e(11) of the FDCPA.

89.    Defendants communicated with a consumer directly, in violation of 15 U.S.C. § 1692c(a)(2), while knowing the consumer was represented by an attorney.

90.    Defendants engaged harassing and oppressive conduct, in violation of 15 U.S.C. § 1692d, by questioning and harassing Plaintiff about obtaining legal representation.

91.    Defendants communicated with a consumer directly while knowing the consumer was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2), when it continued to send text messages and voicemails to Plaintiff.

92.    Defendants failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when they failed to advise Plaintiff of her right to dispute the debt, to request verification, and to request the name of the original creditor.

        WHEREFORE, Plaintiff asks that the Court enter judgment in favor of her and against Defendant as follows:

        A.    Actual damages pursuant to 15 U. S.C. § 1692k(a)(1);

        B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

        C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

        D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      Respectfully submitted,
      By: *<u>/s/ Paúl Camarena</u>*
      One of Plaintiff's Attorneys
      Paúl Camarena, Esq.
      500 So. Clinton St., No. 132
      Chicago, IL 60607
      (312) 493-7494
      paulcamarena@paulcamarena.com

      Michael Wood
      Celetha Chatman
      Community Lawyers LLC
      980 N. Michigan Ave., Suite 1400
      Chicago, IL 60611
      Tel (312) 757-1880
      cchatman@communitylawyersgroup.com
      *Attorneys for Plaintiff*

# EXHIBIT A

3:05   87%

← **(862) 658-7902**

---

Sender not in your contact list

**ADD TO CONTACTS**          **BLOCK**

---

4 hours ago, 10:14 AM

Conversation with (862) 658-7902

 Maria Collins this text is
from ARS. We need to speak
to you or attorney regarding
your case. Please call
727-349-0133 and refer to
Case2690064.

( Okay )  ( Done )

 Send message ➤

